# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY P. BACON,

Plaintiff-Appellant,

v

SUNSHINE PRODUCTS OF MID-MICHIGAN,
LLC,

Defendant-Appellee.

UNPUBLISHED
February 14, 2017

No. 330332
Ingham Circuit Court
LC No. 15-000032-NO

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Plaintiff, Jeffrey P. Bacon, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) on his slip-and-fall claim. We affirm.

## I. FACTUAL BACKGROUND

In October 2013, Bacon visited the premises of defendant, Sunshine Products of Mid-Michigan, LLC (Sunshine Products). Sunshine Products is a landscaping supply company. Bacon entered Sunshine Products, spoke with an employee to make a purchase, and then attempted to return to his truck to wait for delivery. As Bacon was leaving, he slipped on the store's wooden deck and was injured.

At deposition, Bacon testified that after he slipped, he touched the deck and felt that it was "slippery and slimy" in the area he fell. He described the slippery substance as being "almost invisible" and said that he could not see it, only feel it. The substance did not leave a residue on his hand and seemed to be "part of the wood." Bacon speculated that the substance was mold or mildew, and presented evidence that it was very humid on the day of the accident.

According to Stephany Gauss, who lived with Bacon and went to Sunshine Products to retrieve his truck, she did not notice anything wrong with the deck or experience any slippery conditions when she went into the store to retrieve Bacon's keys. Sunshine Products's manager, Kim Quillen, stated that she regularly inspected the deck, assisted Bacon on the day he fell, and did not find any slippery substance in the area.

Sunshine Products moved for summary disposition under MCR 2.116(C)(10), asserting in pertinent part that it had no notice that the deck was in a defective condition. Bacon responded

-1-

that Sunshine Products should have known of the slippery condition and that it was reasonably foreseeable that someone would slip on the wooden deck because it lacked a safety mat or handrail outside the door. The trial court granted summary disposition on the basis that nothing indicated the substance

> was a condition caused by [Sunshine Products] or that it was there for a sufficient amount of time that [Sunshine Products] would be charged with knowing or should have known the substance was there and taken steps to—to get rid of the alleged hazard.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

## III. ANALYSIS

Bacon argues that the trial court erred by failing to impute knowledge of the deck's slippery condition to Sunshine Products.[1] We disagree.

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). A storekeeper must exercise reasonable prudence to render its premises reasonably safe for customers. *Clark v K-Mart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). A storekeeper is liable for injuries caused by dangerous conditions that (1) the active negligence of the storekeeper or its employees caused, (2) the storekeeper or its employees actually knew about, or (3) existed for long enough that the storekeeper or its employees should have known about it. *Id*.; *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968).

---

[1] We note that Bacon relied strongly on this Court's decision in *Lowrey v LMPS & LMPJ, Inc*, 313 Mich App 500; 885 NW2d 638 (2015), rev'd in part, vacated in part ___ Mich ___ (2016). Based on this case, Bacon asserted that Sunshine Products failed to provide evidence that it engaged in reasonable inspections. However, Bacon's reliance is now misplaced because our Supreme Court has held that a defendant need not provide evidence of routine or reasonable inspections. *Id*. at ___; slip op at 10-11. It is a plaintiff's responsibility to show that a defendant had notice of a hazard. *Id*. at ___; slip op at 7.

In this case, Quillen stated that she regularly inspected the deck and never observed an invisible, slimy substance on it. Gauss also stated that she did not observe a slimy substance on the deck later in the day. Bacon testified that he frequently visited Sunshine Products and never noticed the substance before. Gauss testified that she had also visited Sunshine Products about twenty times and had never experienced slippery conditions on the deck. There is no evidence that anyone else slipped on the substance or reported the area as slippery. In short, viewing the evidence in a light most favorable to Bacon, reasonable minds could not differ regarding whether (1) Sunshine Products actually knew about the slippery condition of the deck, or (2) the condition existed long enough that it should have known about it. We conclude that the trial court properly granted summary disposition.

While Bacon additionally argues as an issue that there was a genuine issue of material fact regarding the cause of his fall, we decline to address this issue because it was not the basis of the trial court's decision. See *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 82; 600 NW2d 348 (1999).

We affirm.

/s/ Peter D. O'Connell
/s/ Patrick M. Meter

-3-